Dear Senator Brinkhaus:
By correspondence from your office dated February 3, 1994, you requested an opinion from this office regarding the legality of a proposed acquisition by the Acadiana Railroad Development District, specifically;
 Under the purposes and powers of the Acadiana Railroad Development District, is it authorized to receive or acquire the rights of Southern Pacific Transportation Company for a Rails-to-Trails Program, i.e. is that a permissable function or is that not authorized and consequently beyond the authority of the Acadiana Railroad Development District?
The Federal law that covers acquisition of Railroad rights-of-way or the "Rails to Trails" program as it is commonly referred to is found at 16 U.S.C.S. 1241, et seq., the law which created the National Trails System. The provision dealing specifically with the acquisition of railroad rights-of-way was passed by Congress in 1983 and is found at 16 U.S.C.S. 1247(d) and it provides:
 (d) Railroad rights-of-way. The Secretary of Transportation, the Chairman of the Interstate Commerce Commission, and the Secretary of the Interior, in administering the Railroad Revitalization and Regulatory Reform Act of 1976, shall encourage State and local agencies and private interests to establish appropriate trails using the provisions of such programs. Consistent with the purpose of that Act, and in furtherance of the national policy to preserve established railroad rights-of-way for future reactivation of rail service, to protect rail transportation corridors, and to encourage energy efficient transportation use, in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with the National Trails System Act [16 U.S.C.S. Sec. 1241, et seq.], if such interim use is subject to restoration or reconstruction for railroad purposes, such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes. If a State, political subdivision, or qualified private organization is prepared to assume full responsibility for management of such rights-of-way and for any legal liability arising out of such transfer or use, and for the payment of any and all taxes that may be levied or assessed against such rights-of-way, then the Commission shall impose such terms and conditions as a requirement of any transfer or conveyance for interim use in a manner consistent with this Act [16 U.S.C.S. Sec. 1241, et seq.], and shall not permit abandonment or discontinuance inconsistent or disruptive of such use.
As is clearly stated in the statute, the intent of Congress was to encourage States, local agencies, and private interests to establish trails on unused or seldom used railroad rights-of-way in furtherance of a national policy to protect railroad rights-of-way for future reactivation of rail service. However, the law also clearly provides that the interim use of rights-of-way must be subject to future possible restoration or reconstruction for railroad purposes.
The Louisiana statutes dealing with the transfer of these rights-of-way to the State, and local governmental entities can be found at La. R.S. 56:1781, et seq., La. R.S. 1781 (D) provides that:
 D. Any affected local governmental entity shall have the right to file an application with the Interstate Commerce Commission seeking to preserve the proposed abandoned railroad right of way as a transportation corridor for future transportation uses within the territorial jurisdiction of the local governmental entity.
As your request pointed out, the issue is whether the Acadiana Railroad Development District is the proper local governmental entity to receive and administer railroad rights-of-way from the Southern Pacific Transportation Company or whether that is beyond its authority.
The laws governing the Acadiana Railroad Development District are found at La. R.S. 33:140.101, et seq. The District was created by statute in 1988, and while its organization, duties, powers, obligations, exemptions, and other matters are fairly well defined, there is no express authority that the District is empowered to participate in the "Rails to Trials" program. However, nor is there any provision which excludes the District from participation in said programs. Furthermore, none of the rights, powers, objects and purposes of the Acadiana Railroad Development District appear to conflict with the purposes and objectives outlined in 16 U.S.C.S. 1247(d). The primary object of the District is outlined in La. R.S.33:140.101(B) as follows:
 B. The district created pursuant hereto shall be established for the primary object and purpose of promoting and encouraging development of the rail service of the old Southern Pacific Railroad line running between Lafayette and Opelousas to stimulate the economy through renewed commerce, industry, and for the utilization and development of natural and human resources of the area by providing job opportunities.
Among its powers in La. R.S. 33:140.103(3) is found:
 (3) To acquire by gift, grant, expropriation, purchase, or otherwise all property, including rights-of-way; to hold and use any franchise or property, real, personal, or mixed, tangible or intangible, or any interest therein, necessary or desirable for carrying out the objects and purposes of the district, including, but not limited to, the establishment, maintenance, and operation of a railroad.
Based upon the facts presented and applicable law, including the federal mandate that States shall be encouraged to maintain these railway corridors, it appears that the acquisition and administration of said railroad rights-of-way from the Southern Pacific Transportation Company by the Acadiana Railroad Development District is within the power and authorization of the District. Assuming of course that said use is consistent with the reservation outlined by Congress in16 U.S.C.S. 1247(d). If our office can be of any further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: EMORY A. BELTON, JR. Assistant Attorney General
RPI:EAB/mm